```
WALTER WILHELM LAW GROUP                (SPACE BELOW FOR FILING STAMP ONLY)
a Professional Corporation
Riley C. Walter #91839
Michael L. Wilhelm #101495
Matthew P. Bunting #306034
205 E. River Park Circle, Suite 410
Fresno, CA 93720
Telephone:  (559) 435-9800
Facsimile:  (559) 435-9868
E-mail:     rileywalter@W2LG.com
            mwilhelm@W2LG.com
```

Attorneys for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re | CASE NO. 17-12389-A-11 |
|---|---|
| DON ROSE OIL CO., INC., a California corporation; | Chapter 11 |
| Debtor in Possession. | DC No.: WW-1 |
| Tax ID #:  94-2287631<br>Address:   205 N. Ben Maddox Way<br>           Visalia, CA 93292 | Date:   June 26, 2017<br>Time:   2:00 p.m.<br>Place:  2500 Tulare St.<br>        Fresno, CA 93721<br>        Courtroom 11, 5th Floor<br>Judge:  Honorable Fredrick E. Clement |

**MOTION FOR AUTHORITY TO USE FACTORING FINANCING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Don Rose Oil Co., Inc., (hereinafter "Debtor" and "Debtor-in-Possession"), comes before this Court seeking an Order granting a Motion for Authority to Use Factoring Financing as follows:

1.      On June 19, 2017 an involuntary bankruptcy was filed against the Debtor. At the time Debtor's source of financing came from Sallyport Commercial Finance ("Sallyport") through an accounts receivable factoring arrangement.

///

2. On June 22, 2017 the Debtor filed its Chapter 11 petition and became the Debtor in Possession of the bankruptcy estate.

3. Sallyport is willing to continue factor financing of the Debtor under certain terms and conditions as set forth here.

4. The grounds for the Motion are that the factoring financing sought to be used constitutes the sole source of funds to operate the Debtor's business. Unless the Court permits immediate use of factoring financing the Debtor will be unable to pay employees and suppliers and otherwise will be unable to continue the business and preserve the value of the estate's assets. The Debtor immediately needs the use of factoring financing to maintain operations.

5. Both the ability to purchase propane and oil products to resell and to pay employees is tied to having this financing in place. Without this the company will within a few days shut down and once shut down the ability to find new financing sources and recover is viewed as an impossibility.

6. As an accommodation to the Debtor Sallyport provided financing under its factoring agreements after the involuntary bankruptcy was filed to allow Debtor to file its Chapter 11 case and to pay its payroll and continue to purchase product. This advance was in the customary and ordinary course of the Debtor's business.

7. Pursuant to B.R. 4001(d)(1), the Motion has been served by fax or email and United States Mail on all lease or executory contract creditors; all secured creditors; all taxing agencies; the twenty largest unsecured creditors, the Debtor and counsel; and the U.S. Trustee's Office.

8. This factoring financing is critical to ensure that the business continues to carry on operations and has employees willing to show up to work.

9. The Motion is based on the Notice of Motion, the Motion, the Memorandum of Points and Authorities in Support of the Motion; the Declaration of John Castellucci; and all exhibits attached thereto; the complete records and files of the Court in this case; the representations and arguments of counsel to be made at the hearing on the Motion; and such other and further evidence and matters as may be

presented to the Court in connection with the Motion.

10. This hearing will be a preliminary hearing with a final hearing on the Motion being specially set on shortened time on July 12, 2017 at 11:00 a.m. in Bakersfield before the Honorable Fredrick E. Clement located at 510 19th Street, Bakersfield, California.

11. In order to provide ongoing factoring services during the interim period between the preliminary and final hearing Sallyport requires the following:

    a. That its current agreements with the Debtor for factoring continue to be in full force and effect in this Chapter 11.

    b. That the funds it advanced after the involuntary bankruptcy was filed been deemed to be in the ordinary course of Debtor's business.

    c. That Debtor operate under an agreed and approved budget.

    d. That a final hearing be set as quickly as allowed on the court calendar.

    e. It is agreed that for the bankruptcy estate will not:

        i. seek to surcharge Sallyport's collateral; or,

        ii. challenge its rights directly or in concert with any other interested party under Sallyport's factoring agreements regarding all accounts receivable purchased and other collateral obtained by Sallyport during the period from filing of the bankruptcy through the entry of a final order regarding said financing.

    f. Sallyport will be able to apply all funds received under its factoring agreement without the need for further order of the court or relief from the automatic stay of Section 362.

12. Not as part of the preliminary hearing but as part of the final hearing Sallyport will require the following additional terms and conditions be included in a final order for it to continue to provide factor financing to the Debtor as Debtor in Possession, violation of which will allow Sallyport to terminate the continue financing:

    a. The Debtor remain solvent.

　　　　b.　　The Debtor shall remain in Chapter 11 as Debtor in Possession and compliant with all obligations of a Debtor in Possession.

　　　　c.　　The Debtor will remain current on all administrative expenses incurred during its Chapter 11 proceeding including all professional fees and U.S. Trustee fees.

　　　　d.　　Debtor shall not seek to surcharge Sallyport's collateral for any costs or fees incurred by Debtor as Debtor in Possession.

　　　　e.　　The Debtor shall not on its own nor shall it join any adversary proceeding challenging Sallyport's rights under its factoring agreements and any final order of the court approving its ongoing factoring arrangement.

　　　　f.　　Any order being entered in the bankruptcy court which limits Sallyport's rights under its factoring agreements. Order any order for relief of the automatic stay under Section 362 if Sallyport believes such relief will negatively impact its rights in any of its collateral or Debtor's ongoing ability to operate profitably.

　　　　g.　　Any order of the court granting a lien upon assets covered by Sallyport's security agreements other than a purchase money security interest.

　　　　h.　　Debtor shall keep Sallyport informed of all progress in the Chapter 11 and will within two court days provide Sallyport copies of any pleadings or reports filed in the case if they were not filed through the pacer system.

　　　　i.　　In addition to any existing security interests held by Sallyport against Debtor, Sallyport shall have a first priority lien in its collateral for all amounts advanced to the Debtor in Possession during this Chapter 11 case. If such collateral proves insufficient to fully reimburse Sallyport for amounts advanced during this Chapter 11 case then it will have a priority administrative expense for any shortfall.

　　　　j.　　In addition to the Remedies as provided for their factoring documents, Sallyport shall be entitled to apply to the Bankruptcy Court on shortened notice to Debtor and all interested parties as required by the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy rules of the Eastern District of California of no more than ten (10) calendar days from the date of the occurrence of any

event Sallyport considers a default, for relief from the automatic stay to exercise any and all other rights hereunder which require relief from stay.

      k.     These terms shall be binding on any subsequent trustee appointed in the bankruptcy case.

      l.     Any Chapter 11 Plan of the Debtor that attempts to modify any of the rights granted to Sallyport hereunder.

      WHEREFORE, the Debtor requests that the Court enter an Interim Order:

      1.     Approving the continued factor financing under all the terms and conditions of Sallyport's current agreements with the Debtor.

      2.     Approving the financing provided by Sallyport between the filing of the involuntary bankruptcy and this Chapter 11 as provided to Debtor in the ordinary and necessary course of its business without the need for court order.

      3.     That the bankruptcy estate will not challenge directly or indirectly or attempt to surcharge Sallyport's purchase of accounts receivable or other collateral obtain during the period from the filing of the bankruptcy until a final order is entered on this Motion.

      4.     It being necessary to expedite the final hearing setting a final hearing on this Motion in Bakersfield for July 12, 2017 at 11:00 a.m. before the Honorable Fredrick E. Clement.

      5.     Provide that notice of this final hearing be served within 24 hours of the entry of the Interim Order on the same service list used for the preliminary hearing and any parties requesting special notice.

      6.     Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 23, 2017

                                    WALTER WILHELM LAW GROUP
                                    A Professional Corporation

                                    By: _____
                                          Michael L. Wilhelm
                                          Attorneys for Debtor in Possession