**3**

**ROBIN TUBESING #26680-49 [Indiana]**
Trial Attorney
GREGORY S. POWELL #182199
Assistant United States Trustee
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030
Robin.Tubesing@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 17-12389-A-11 |
| | Chapter 11 |
| DON ROSE OIL CO., INC., | DC No. WW-001 |
| | |
| | Date: July 12, 2017 |
| | Time: 11:00 a.m. |
| | Place: United States Courthouse |
| | 510 19th Street |
| Debtor. | Bakersfield, California |
| | Judge: Fredrick E. Clement |

**OBJECTION TO DEBTOR-IN-POSSESSION'S MOTION
FOR AUTHORITY TO USE FACTORING FINANCING**

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through undersigned counsel, hereby objects to the Debtor-in-Possession's "Motion For Authority to Use Factoring Financing".

1. In its motion, the Debtor seeks authority to use factoring financing, pursuant to a contract entered into pre-petition. As discussed at the prior hearing, the motion is being brought pursuant to 11 U.S.C. § 363 as a "sale" of the Debtor's accounts receivable.

2. Because this appears to be a pre-petition executory contract, it appears the contract could have merely been assumed without need for this motion. However, a detailed review of the relief actually sought through the various pleadings shows that the Debtor asks for more than an order allowing for the continued use of factoring financing. Further, these

1

requests appear to be outside the scope of the relief requested and are over-broad, as detailed below.

3. It appears the Debtor is requesting relief that is not mentioned in the motion and/or memorandum in support. Namely, granting Sallyport "administrative expense superpriority." See Sallyport's Memorandum of Points and Authorities filed on July 3, 2017 (Docket #41), page 3, line 1. It is not proper to seek relief in a later-filed supporting document that is not sought in the moving document.

4. The Debtor seeks to have a separate pre-petition loan obtained from Sallyport deemed "in the ordinary course" ("Sallyport Loan"). The Sallyport Loan was obtained after the filing of the involuntary Chapter 7 bankruptcy petition but before the filing of the voluntary Chapter 11 bankruptcy petition, and included the following: $35,000 for Debtor's attorney retainer, $1,800 for the Chapter 11 filing fee, $50,000 for the purchase of oil products, and $109,000 for wages, salaries, and payroll taxes. See Debtor's Memorandum of Points and Authorities filed on June 23, 2017 (Docket #12), page 3, line 16. However, the Debtor's motion and memorandum in support does not explicitly lay out the terms and conditions of the Sallyport Loan. No loan agreement was provided and no terms detailed. This appears to be a separate transaction that is not part of the factoring financing agreement. It is not clear if the claim is a general unsecured claim and whether the Debtor intends to make payments on that pre-petition claim post-petition outside of a plan of reorganization. Also, while the motion seeks to have the Sallyport Loan deemed "in the ordinary course," the supporting documents go further and seek that the court order that the Sallyport Loan "not be subject to attack…" See Sallyport's Memorandum of Points and Authorities filed on July 3, 2017 (Docket #41). There is not enough disclosure related to the Sallyport Loan, and it is unclear the scope of relief sought as to the Sallyport Loan.

5. Further, having the Court order that the Sallyport Loan cannot be attacked by any party at any time via a Section 363 "sale" motion of the Debtor's accounts receivable would improperly bind other parties and may cause the Debtor to violate its fiduciary duties. Sallyport's Memorandum of Points and Authorities, filed On July 3, 2017, provides that

Sallyport "requires assurance that its pre-petition claim against Debtor and the estate will not be subject to attack…" But, the Debtor has a fiduciary duty to investigate and pursue actions, including actions under 11 U.S.C. § 547, § 548, and § 549. Having an order that provides that the Sallyport Loan cannot be attacked by the Debtor (or any party) precludes investigation of the claim, preventing the Debtor from performing its duties pursuant to 11 U.S.C. § 1107(a), § 1106 and § 704(a). Further, such a ruling would also bind a creditors' committee and any future Chapter 11 Trustee or Chapter 7 Trustee from investigating and/or commencing an action. For all intents and purposes, the Debtor seeks to refute the claims of any complaint filed pursuant to 11 U.S.C. § 547, § 548, and § 549 before such an action is even filed, and they seek to do so via a Section 363 "sale" motion of accounts receivable. Finally, it may frustrate future arguments made regarding conflicts of interest, particularly as they relate to Debtor's general counsel (specifically, part of the Sallyport Loan was earmarked to pay the retainer to Debtor's counsel).

6. The Debtor appears to seek authority under Section 363 to continue the use of factoring financing as a "sale" of the Debtor's accounts receivable. However, the Debtor also appears to seek authority under Section 364 to have the Sallyport Loan approved as a "loan" obtained in the ordinary course. It is improper to seek two forms of relief in the same pleading. Local Rule 9014-1(d)(1) provides that "Except as otherwise provided in these rules, every application, motion, contested matter or other request for an order, shall be filed separately from any other request, except that relief in the alternative based on the same statute or rule may be filed in a single motion."

WHEREFORE, the U.S. Trustee requests that this Court deny the Debtor's motion to for authority to use factoring financing.

July 7, 2017　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　Gregory S. Powell,
　　　　　　　　　　　　　　　　　　　　Assistant United States Trustee

　　　　　　　　　　　　　　　　　　　　　/s/  Robin Tubesing
　　　　　　　　　　　　　　　　　　　　Robin Tubesing

　　　　　　　　　　　　　　　　　　　　Attorney for Tracy Hope Davis,
　　　　　　　　　　　　　　　　　　　　United States Trustee