**3**

1  HAGOP T. BEDOYAN, CSB NO. 131285
   LISA HOLDER, CSB NO. 217752
2  KLEIN, DENATALE, GOLDNER,
      COOPER, ROSENLIEB & KIMBALL, LLP
3  5260 N. Palm Avenue, Suite 201
   Fresno, California 93704
4  Telephone: (559) 438-4374
   Facsimile: (559) 432-1847
5  Email: hbedoyan@kleinlaw.com
            lholder@kleinlaw.com
6
7  Attorneys for Creditor Happy Rock Merchant Solutions, LLC

8              UNITED STATES BANKRUPTCY COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11 | In re: | CASE NO.: 17-12389-A-11 |
12 | DON ROSE OIL CO., INC., a California corporation; | Chapter 11 |
13 | | DC No. WW-1 |
14 | Debtor in Possession. | |
15 | Tax ID# 94-2287631 Address: 205 N. Ben Maddox Way Visalia, CA 93292 | Date:    July 12, 2017 Time:    9:00 a.m. Place:   United States Courthouse Second Floor 510 19th Street Bakersfield, California |
16 | | |
17 | | Judge:   Honorable Fredrick E. Clement |
18 | | |

19       **HAPPY ROCK'S RESPONSE AND LIMITED OBJECTION TO DEBTOR'S**
20       **MOTION FOR AUTHORITY TO USE FACTORING FINANCING**

21 **I.      Summary**

22       Happy Rock Merchant Solutions, LLC ("Happy Rock"), responds to Debtor's *Motion*

23 *for Authority to Use Factoring Financing* ("Motion")[Doc. 9]. Debtor failed to schedule Happy

24 Rock as a secured and judgment creditor, or describe in the Motion the subordination

25 agreement in effect between Debtor, Happy Rock, and Sallyport Commercial Finance LLC

26 ("Sallyport"). Happy Rock responds to (1) ensure that Happy Rock's lien priority is not primed

27 or otherwise impaired in the event the Court grants the relief requested in the Motion, and (2)

28 request that Sallyport make the agreed $4,200.00 daily wire transfer to Happy Rock.

## II.    Facts

1.      Happy Rock provided factored funding to Debtor under two Merchant Sales ACH Agreements: one effective as of April 27, 2016 ($1,500,000.00), and a second effective as of July 20, 2016 ($444,500.00). Both ACH Agreements were perfected by liens. The April 27, 2016 ($1,500,000.00) ACH Agreement was liquidated by a final judgment for $1,292,327.96, filed with the Supreme Court of the State of New York, County of Westchester, on January 10, 2017. The Judgment is included with the *Exhibits in support of Happy Rock's Response and Limited Objection to Debtor's Motion for Authority to Use Factoring Financing* ("Exhibits") as Exhibit 1.

2.      The July 20, 2016 ($444,500.00), ACH Agreements remains unliquidated and is properly secured by UCC–1 Financing Statement. The July 20, 2016 ($444,500.00) ACH Agreement is included with the Exhibits as Exhibit 2. The UCC–1 Financing Statement is included with the Exhibits as Exhibit 2A.

3.      Curiously, Debtor failed to list Happy Rock on the Court Mailing Matrix in its voluntary Chapter 11 case.  Accordingly, notice of these proceedings has not been properly provided to Happy Rock pursuant to Rule 4001(c)(1)(C) and Local Rule 4001-1(c)(3).

4.      Debtor's Motion fails to disclose the *Irrevocable Instruction Letter* to Sallyport, whereby Debtor instructs Sallyport to make a $4,200.00 daily wire transfer to Happy Rock.  A copy of the *Irrevocable Instruction Letter*, dated February 15, 2017, is included with the Exhibits as Exhibit 3.  To the extent this non-disclosure is prejudicial to the rights of Happy Rock, the Motion is not in compliance with Local Rule 4001-1(c)(3).  Happy Rock would not otherwise oppose the relief requested in the Motion.

5.      Debtor's Motion also does not disclose the *Amended and Restated Intercreditor Agreement* dated April 26, 2016, which provides "the Junior Creditor [Happy Rock] Lien shall have priority up to the amount of Junior Creditor Obligations evidenced thereby, less all amounts remitted to or otherwise collected by Junior Creditor with respect to the July Junior Creditor Loan Agreement . . ." The senior lender in the *Amended and Restated Intercreditor Agreement*, at that time Siena Funding LLC, assigned its position to Sallyport in January 2017.

1    The *Amended and Restated Intercreditor Agreement* is included with the Exhibits as Exhibit 4.

2    The *Assignment of Intercreditor Agreement* is included with the Exhibits as Exhibit 5. To the

3    extent this non-disclosure is prejudicial to the rights of Happy Rock, the Motion is not in

4    compliance with Local Rule 4001-1(c)(3).  Happy Rock would not otherwise oppose the relief

5    requested in the Motion.

6          6.     Happy Rock asserts the *Amended and Restated Intercreditor Agreement*, in

7    conjunction with the *Irrevocable Instruction Letter,* constitute an enforceable agreement to

8    subordinate, pursuant to 11 U.S.C. § 510, Sallyport's priority claim to Happy Rock, should

9    Debtor's Motion be granted.  At the least, any payments remitted to Sallyport by Debtor should

10   be subject to Happy Rock's irrevocable right to receive the "Daily Amount" of $4,200.00, as

11   set forth in the *Irrevocable Instruction Letter* of February 17, 2017.  Pursuant to the *Amended*

12   *and Restated Intercreditor Agreement*, paragraph 6.B, Happy Rock is precluded from certain

13   objections to Sallyport's DIP funding, so long as Happy Rock's position is preserved. *See*

14   Exhibit 4.

15   **III.    Prayer for relief**

16          Based on the above facts, Happy Rock prays:

17          a.   That the *Amended and Restated Intercreditor Agreement* in conjunction with the

18               *Irrevocable Instruction Letter* be given their effect and recognized as a valid

19               subordination agreement under 11 U.S.C. § 510;

20          b.   That payments remitted to Sallyport by Debtor be subject to Happy Rock's

21               irrevocable right to receive the "Daily Amount" of $4,200.00;

22          c.   That Happy Rock's lien position be preserved in this chapter 11 case; and

23          d.   For such other and further relief as is just.

24   Date: July 7, 2017                      KLEIN, DENATALE, GOLDNER,
                                             COOPER, ROSENLIEB & KIMBALL, LLP
25

26                                   By: _____
                                             HAGOP T. BEDOYAN, ESQ.,
27                                           LISA HOLDER, ESQ.,
                                             Attorneys for Creditor Happy Rock Merchant
28                                           Solutions, LLC