3

HAGOP T. BEDOYAN, CSB NO. 131285
LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com
       lholder@kleinlaw.com

Attorneys for Creditor Happy Rock Merchant Solutions, LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>DON ROSE OIL CO., INC., a California corporation;<br><br>    Debtor in Possession<br><br>Tax ID# 94-2287631<br>Address: 205 N. Ben Maddox Way<br>          Visalia, CA 93292 | CASE NO.: 17-12389-A-11<br><br>Chapter 11<br><br>DC No. WW-1<br><br>Date:  July 12, 2017<br>Time:  9:00 a.m.<br>Place:  United States Courthouse<br>        Second Floor<br>        510 19th Street<br>        Bakersfield, California<br>Judge:  Honorable Fredrick E. Clement |

**DECLARATION IN SUPPORT OF HAPPY ROCK'S RESPONSE
AND LIMITED OBJECTION TO DEBTOR'S MOTION FOR
AUTHORITY TO USE FACTORING FINANCING**

I, Rebecca Cusick, declare:

1. I am employed as in-house Associate General Counsel for Happy Rock Merchant Solutions, LLC ("Happy Rock"). I am authorized to sign this declaration on behalf of Happy Rock as its attorney in fact. This declaration is provided in support of *Happy Rock's Response and Limited Objection to Debtor's Motion for Authority to Use Factoring Financing* ("Happy Rock's Response").

2. I have personal knowledge of the facts contained in this declaration as follows: I am familiar with the records systems Happy Rock uses to record and create information related to Happy Rock's purchase and sale of future receivables ("Factoring Agreements"), including the processes by which Happy Rock obtains and maintains Factoring Agreements and related information in those systems. While some processes are automated, the information manually entered into computer systems by Happy Rock employees relating to Factoring Agreements on those systems is based upon personal knowledge of the information and is entered into the system at or near the time the knowledge was acquired. These computerized records are created and maintained in the regular course of Happy Rock's business as a factoring lender and Happy Rock relies on the records in the ordinary course to conduct its business as a factoring lender.

3. All documents included with the *Exhibits in support of Happy Rock's Response and Limited Objection to Debtor's Motion for Authority to Use Factoring Financing* ("Exhibits") are true and correct copies of the documents maintained by Happy Rock as a business record related to Debtor's accounts with Happy Rock.

4. Relative to this bankruptcy proceeding, Happy Rock's file includes two Merchant Sales Agreement/ACH Agreements under which Happy Rock provided factored funding to Debtor: one effective as of April 27, 2016 ($1,500,000.00), and a second effective as of July 20, 2016 ($444,500.00). Both ACH Agreements were perfected by liens.

5. The April 27, 2016 ($1,500,000.00) ACH Agreement was liquidated by a final judgment for $1,292,327.96, filed with the Supreme Court of the State of New York, County of Westchester, on January 10, 2017. The Judgment is included with the Exhibits as Exhibit 1.

6. The July 20, 2016 ($444,500.00) ACH Agreement remains unliquidated and is properly secured by UCC–1 Financing Statement. The July 20, 2016 ($444,500.00) ACH Agreement is included with the Exhibits as Exhibit 2. The by UCC–1 Financing Statement is included with the Exhibits as Exhibit 2A.

7. The file contains an *Irrevocable Instruction Letter* to Sallyport Commercial Finance, LLC ("Sallyport"), whereby Debtor instructs Sallyport to make a $4,200.00 daily wire transfer to Happy Rock. A copy of the *Irrevocable Instruction Letter*, dated February 15, 2017,

is included with the Exhibits as Exhibit 3.

8. The file contains an *Amended and Restated Intercreditor Agreement* dated April 26, 2016, which provides "the Junior Creditor [Happy Rock] Lien shall have priority up to the amount of Junior Creditor Obligations evidenced thereby, less all amounts remitted to or otherwise collected by Junior Creditor with respect to the July Junior Creditor Loan Agreement . . ." The senior lender in the *Amended and Restated Intercreditor Agreement*, at that time Siena Funding LLC, assigned its position to Sallyport in January 2017. The *Amended and Restated Intercreditor Agreement* is included with the Exhibits as Exhibit 4. The *Assignment of Intercreditor Agreement* is included with the Exhibits as Exhibit 5.

9. I have personal knowledge of the foregoing facts as described above, and if called as a witness, I would testify competently thereto.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed this July 7, 2017, at New York, New York.

_____
REBECCA CUSICK

Original

3LY1942-WW-1 DECLARATION SUPPORT
RESPONSE DON ROSE FINANCING

3